UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

KEVIN W. JONES, SR.                           CIVIL ACTION NO. 13-119

VERSUS                                        DISTRICT JUDGE DEE D. DRELL

TOWN OF WOODWORTH, et al            MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is a motion to remand by the plaintiff, Kevin Jones, Sr., **doc. # 3**, referred

to me by the district judge for Report and Recommendation.

Plaintiff Kevin Jones, Sr. (Jones), who describes himself as an African American, sued

defendants Town of Woodworth (Woodworth or "the town") and one of its police officers, David

Sikes (Sikes or "the officer"), in state court in Rapides Parish claiming that he was unlawfully

stopped by a town policeman as he was lawfully traveling through Woodworth in his automobile on

December 18, 2009. Jones claims that, being aware of Woodworth's reputation as a speed trap,  he

was abiding by the speed limit and all laws as he traveled when the officer fell in behind him and,

without probable cause to stop him, pulled him over and, when asked by Jones why he had been

stopped, informed Jones that his license was suspended. Sikes then issued Jones numerous traffic

citations, including one for driving with a suspended license. Jones surmises that the officer could

not have known his license was suspended unless he had "run" a check on his license plate as he

followed him. Jones claims that act was an act of "racial profiling". Jones alleges that Sikes refused

to allow his brother to come to the scene and retrieve his truck but insisted instead on having it towed, which he claims has resulted in significant unnecessary towing and storage charges. He also alleges that, since he worked out of his truck, the unlawful seizure of the truck has caused him loss of employment and income and has "turned his life upside down".

Suit was filed in Rapides Parish on December 3, 2010. Summary Judgment was entered in favor of defendants by Judge Doggett on September 27th, 2012[1] and plaintiff, through counsel, filed a timely appeal. Plaintiff's appellate brief was signed December 18, 2012. Defendant removed this case on January 17, 2013. In its Notice of Removal, defendants assert that receipt by them of plaintiff's appellate brief was the first notice they had that plaintiff was claiming a violation of federal law, specifically, the 4th Amendment to the United States Constitution and federal civil rights laws.  The Notice of Removal was filed within 30 days of that notice.[2]

Plaintiff has filed the instant motion for remand asserting that no substantial federal question is presented and that the defendants are simply attempting to forum shop because, he claims, the Louisiana Third Circuit Court of Appeal is well aware of  Woodworth's reputation as a speed trap intended to generate funds for the towns coffers.        In short, plaintiff alleges that his arguing in his appellate brief that his 4th Amendment rights were violated does not in itself raise a federal question such that this court has jurisdiction.

---

[1] Though the merits of the case are not before us, the state court's decision does appear to be at odds with clear United States Supreme Court precedent. See Delaware v. Prouse, 99 S. Ct. 1391 (1979).

[2] Although the case was removed more than a year after  it was filed, as to federal question jurisdiction, there is no requirement that it be removed within a year. 28 U.S.C. 1446.

Discussion

Plaintiff did not raise a federal question in his petition in state court. A careful reading of plaintiff's state court petition reveals that only state law claims were raised. Federal law provides that the party who brings suit is master of what law is invoked. See The Fair v. Kohler Die & Specialty Co., 33 S. Ct. 410 (1913). The well-pleaded complaint doctrine provides that federal question jurisdiction exists only when "there appears on the face of the complaint some substantial disputed question of federal law." See Carpenter v. Wichita Falls Independent School District, 44 F.3d 362 (5th Cir. 1995). Whether federal question jurisdiction exists in a removed case is based on the allegations of plaintiff's "well-pleaded complaint." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425 (1987). This rule requires that the federal question be evident from the complaint and not arise from any defense the defendant might raise to defeat the cause of action. Therefore, "even though a federal claim is available to a plaintiff, if a plaintiff chooses not to assert that federal claim, then the defendant cannot remove the claim to federal court on the basis of a possible asserted claim." See Carpenter, supra.[3]

While it is true that 28 U.S.C. §1446 allows removal after receipt of "other paper" [4]from which it may first be ascertained that the case is removable, the rule ordinarily has no application in federal question cases. Ordinarily the issue of other paper arises in diversity cases, often in the situation of receipt by defendant of a medical report or settlement demand letter that demonstrates,

---

[3]  There are exceptions to the well-pleaded complaint rule including the artful pleading doctrine and the complete preemption doctrine, neither of which has any applicability in this case.

[4]  There is no question that the appeal brief could constitute "other paper". See, as examples of "other paper" Addo v. Globe Life, 230 F.3d 759, 762 (5th Cir. 2000); S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996).

for the first time, that the amount in controversy requirement is met. However, when it comes to federal question jurisdiction, the federal claim must appear clearly from the complaint. Only in rare circumstances might an "other paper" be relevant in a federal question case. For example, it might be relevant to determine if one of the exceptions to the well pleaded complaint doctrine is applicable (such as preemption). But usually, where the federal claim is mentioned somewhere other than the complaint, it simply does not exist. For an excellent discussion of the above principles, see Eggert v. Britton, 223 Fed. Appx. 394 (5th Cir. 2007) (unpublished). The appellate brief does not clarify the claim made but instead relates to claims which were simply never made in the state case. Thus the appellate brief does not constitute "other paper". In other words, because the federal claims were never made in the complaint (state court petition), they cannot be the basis for federal question jurisdiction.

Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion to remand, Doc. # 3, be GRANTED and that the case be ordered remanded to the Louisiana Third Circuit Court of Appeal for further proceedings.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before

he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 20th day of March, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE